# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00422-RJC-DSC

| | |
|---|---|
| **RENFINITY INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND ORDER** |
| ) | |
| **MATTHEW JONES, MSD** ) | |
| **ENTERPRISES LLC AND MIL-SPEC** ) | |
| **ENGINEERING LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss," Doc. 7, Plaintiff's "Motion for Sanctions," Doc. 13, and Plaintiff's "Motion to Consolidate Pending Motions," Doc. 14, as well as the parties' briefs and exhibits, Docs. 8, 10, 12, 16-19. These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are now ripe for the Court's consideration.

The Court will consider both "Defendants' Motion to Dismiss," Doc. 7, and Plaintiff's "Motion for Sanctions," Doc. 13, in this Memorandum and Recommendation and Order. The Court grants Plaintiff's "Motion to Consolidate Pending Motions," Doc. 14.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendants' Motion to Dismiss," Doc. 7, be granted and Plaintiff's "Motion for Sanctions," Doc. 13, be denied.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the Complaint, the parties' Affidavits, and documents attached to their Motions. See Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). Neither party has requested discovery or an evidentiary hearing for purposes of the personal jurisdiction or venue issues.

Plaintiff is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Its official corporate website reflects its Scottsdale, Arizona address. Plaintiff designs, manufactures and integrates cyber-secure common access protocols, asset management, wireless communication products and specialized industry solutions for organizations.

MSD Enterprises LLC is a limited liability company organized under the laws of Texas. Its sole member is Defendant Matthew Jones, who is also the manager of the company. MSD's principal place of business is in Texas. Jones himself is a resident of Texas. Mil-Spec Designs LLC was a limited liability company organized under the laws of Texas. Mil-Spec assumed the name Mil-Spec Engineering for purposes of conducting its business. Mil-Spec's principal place of business was in Texas. Jones was also a member of that company. None of its members were North Carolina residents. On September 17, 2020 Mil-Spec was dissolved and is no longer an existing business entity.

Accepting the allegations of the Complaint as true, in April 2014, Plaintiff engaged Jones to assist in the development of software and hardware for its Secure Grid product. This is a network that allows users to track and protect assets, people, equipment or documents in real time. Jones represented that he was selling and developing Secure Grid for Plaintiff's ownership and use. But in fact, the software had been developed previously and was already owned by an

unrelated company. Plaintiff obtained funding from various investors to support the development of the product. Plaintiff compensated Jones for the development of the software but Defendants never delivered it. Plaintiff and its investors suffered substantial damages as a result of Defendants' fraudulent conduct.

Defendants move to dismiss the Complaint alleging lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), failure to maintain a certificate of authority to conduct business in North Carolina and failure to state claims under Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Analysis of personal jurisdiction involves a two-part inquiry: first, whether the exercise of jurisdiction is authorized under the state's long-arm statute; and second, whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011). Under the long-arm statute, N.C. Gen. Stat. § 1-75.4, North Carolina courts exercise "personal

jurisdiction over a defendant to the outer limits allowable under federal due process." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). Thus, the two-part inquiry merges into a single issue: whether the exercise of jurisdiction comports with due process. Id. at 559.

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Plaintiff appears to concede that Defendants have not had continuous and systematic contacts with this State. Its arguments are directed at specific personal jurisdiction.

The district court may exercise specific personal jurisdiction over a defendant if that defendant has sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). The test relies on "the concept that a corporation that enjoys the privilege of conducting business within a state bears the reciprocal obligation of answering to legal proceedings there." Id. On the other hand, it aims to protect defendants from being "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Accordingly, specific personal jurisdiction "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009); see also World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 310, 317-18 (1945). The "minimum contacts" analysis "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014).

In assessing a defendant's contacts with the forum state, the court does "more than formulaically count contacts, instead taking into account the qualitative nature of each of the defendant's connections to the forum state." Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2021). For example, the defendant's conduct "must be directed at the forum state in more than a random, fortuitous, or attenuated way." CFA Inst., 551 F.3d at 293 (quoting ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997)). Rather, it must "amount to a surrogate for presence and thus render the exercise of sovereignty just." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277-78 (4th Cir. 2009) (quoting ESAB Group, 126 F.3d at 623). The defendant's actions must give him "fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign." Burger King, 471 U.S. at 472 (internal quotation marks omitted).

The Fourth Circuit has synthesized these considerations into a three-part test for the due process requirements of exercising specific personal jurisdiction. This Court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016) (internal quotations omitted). The plaintiff must prevail on each prong. Id.

The first prong, purposeful availment, is applied flexibly and on a case-by-case basis. It cannot be applied mechanically. See Consulting Eng'rs, 561 F.3d at 278; Tire Eng'g, 682 F.3d at 302; Int'l Shoe, 326 U.S. at 319; Kulko v. Superior Court, 436 U.S. 84, 92 (1978). The court considers "various nonexclusive factors in seeking to resolve whether a defendant has engaged in [ ] purposeful availment." Consulting Eng'rs, 561 F.3d at 278. In determining whether a defendant

has purposely availed itself of the privilege of conducting business in a state, the Fourth Circuit has identified several non-exclusive factors to be considered, such as "(1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted." Sneha Media & Entm't, LLC v. Associated Broad. Co. P. Ltd., 911 F.3d 192, 198-99 (citing Consulting Eng'rs Corp., 561 F.3d at 278). If the court finds that "the plaintiff has satisfied this first prong of the test for specific jurisdiction," it moves on to consider the second and third prongs. Consulting Eng'rs, 561 F.3d at 278.

The second prong of the constitutional test for specific jurisdiction requires that the defendant's contacts with the forum state form the basis of the suit. See Burger King, 471 U.S. at 472; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). This analysis is typically straightforward. "Where activity in the forum state is the genesis of the dispute, this prong is easily satisfied." Tire Eng'g, 682 F.3d at 303 (internal quotation marks omitted).

Finally, the third prong requires that the exercise of personal jurisdiction be constitutionally reasonable. This "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." Consulting Eng'rs, 561 F.3d at 279. In determining whether jurisdiction is constitutionally reasonable, courts are to consider factors such as: "(1) the burden on the

defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Consulting Eng'rs, 561 F.3d at 279.

As the Fourth Circuit has explained, "[m]ore generally, our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp., 471 U.S. at 478). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g., 682 F.3d at 301.

After careful consideration of all the relevant factors, the Court concludes that there is no basis for the exercise of specific personal jurisdiction over Defendants in this forum. There is no evidence that Defendants purposely availed themselves of the privilege of conducting business here. None of the corporate parties to this action are incorporated or maintain their principal place of business in North Carolina. None of the Defendants maintain any connection to North Carolina. Neither MSD nor Mil-Spec have any employees or offices located here. MSD and Mil-Spec are not registered to transact business and do not maintain a registered agent for service in North Carolina. Neither entity engages in any activity in the state, nor do they own, possess, lease, rent, use, control, or manage any real or tangible property in North Carolina. Jones never traveled to North Carolina on behalf of either MSD or Mil-Spec, nor did he own any property or assets within the state. Plaintiff does not allege that Defendants maintain any presence in North Carolina.

In its Complaint, Doc. 1, Plaintiff asserts that the basis for jurisdiction over Defendants is an exchange of emails between Jones and Jonnie Putney, Plaintiff's Chief Administrative Officer. Putney's office is in Huntersville, North Carolina. Plaintiff makes no other jurisdictional allegations beyond the exchange of emails with Putney in its Complaint. Doc. 1 at ⁋ 4. Plaintiff does not allege that Defendants ever called or visited North Carolina. In fact, the Complaint makes only one other reference to North Carolina when it alleges that "documents were shown to the FBI in Charlotte." Id. at ⁋ 55.

In its Memorandum in Opposition to Defendant's Motion to Dismiss, Doc. 10, Plaintiff alleges that Renee McCown, its Chief Executive Officer, and her sister Putney lived in North Carolina. Relying upon the declarations of McCown and Putney as well as exhibits, Plaintiff argues that Jones knew that its "short-term interim headquarters for operations was moved to the Charlotte, NC area," thereby subjecting Defendants to personal jurisdiction here. Doc. 10-1 at ⁋4. McCown asserts that she told Jones "numerous times in phone calls, discussions, and text messages about the fact that she had moved to and was operating Renfinity out of Huntersville, North Carolina." Id. McCown references certain text messages she exchanged with Jones and argues that they establish he was aware of her move and the fact that Plaintiff had moved to North Carolina. McCown also asserts that Jones shipped the product prototype and another shipment to Huntersville in June 2017 and June 2018.

A defendant has not "purposefully availed" itself of the privilege of doing business here merely because the plaintiff is located in North Carolina. WLC, LLC v. Watkins, 454 F. Supp. 2d 426, 438 (M.D.N.C. 2006). The defendant must purposefully aim its actions at the forum itself. ("[I]t is necessary to distinguish between a defendant's acts which are aimed at a plaintiff who is located in the forum and those which are aimed at the forum itself." Id.).

Under Fourth Circuit precedent, "special weight" is given to whether Defendant "reached into" North Carolina to solicit or initiate business. CFA Inst., 551 F.3d at 295 n.17. Courts will often find a defendant's contacts insufficient for personal jurisdiction if the plaintiff initiated contact with the defendant. See, e.g., Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 451 (4th Cir. 2000); Worldwide Ins. Network, Inc. v. Trustway Ins. Agencies, LLC, No. 1:04CV00906, 2006 WL 288422, at *5 (M.D.N.C. Feb. 6, 2006); Sea-Roy Corp. v. Parts R Parts, Inc., No. 1:94CV00059, 1996 WL 557857, at *6 (M.D.N.C. July 30, 1996) ("[P]ersonal jurisdiction cannot be exercised over a foreign supplier who has no contact with the forum other than being solicited to contract by an individual in the forum."); cf. Burlington Indus., Inc. v. Yanoor Corp., 178 F. Supp. 2d 562 (M.D.N.C. 2001) (personal jurisdiction exists when out-of-state defendant initiated contact with North Carolina plaintiff and parts of the contract were negotiated over two in-person meetings in North Carolina, even though the defendant had no office or agent in North Carolina). McCown asserts in her Declaration that "I am responsible for approaching Defendant Jones with the idea to enter into the transaction that is central to this lawsuit." Doc. 10-1 at ¶2. Therefore, this factor weighs heavily against exercising jurisdiction.

With respect to the emails, texts and discussions between Jones and McCown, "an exchange of communications between two parties, one of whom is located in the forum state, in furtherance of a contract, will not generally constitute purposeful contact with the forum state for purposes of jurisdiction." WLC, LLC, 454 F.Supp.2d at 436–37; see also Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986) ("[T]he exchange of communications between Texas and Oklahoma in the course of developing and carrying out the contract was in itself also insufficient to constitute purposeful availment of the benefits and protections of Texas law."). Here, the communications were directed to North Carolina only because McCown and Putney

happened to be located here. Accordingly, the Court places only limited weight on the communications between McCown and Putney and Jones.

Plaintiff's claims arise from a purported contractual relationship with Defendants. No party alleges that the purported contract, executed in or around 2014 and prior to McCown relocating to North Carolina, bore any connection to North Carolina or contained a North Carolina choice-of-law provision.

Plaintiff has not made a prima facie showing that Defendants purposefully availed themselves of the privilege of doing business in North Carolina. Consequently, there is no need to analyze the remaining factors. Since the Court lacks personal jurisdiction over Defendants, it is unnecessary to address their claims of improper venue and failure to state a claim.

For those reasons, the undersigned respectfully recommends that the Motion to Dismiss be granted.

Having considered the Affidavit of Matthew Jones and the Declarations of Renee McCown and Jonnie Putney, construing all the factual disputes in favor of Plaintiff, and having concluded that there is no specific personal jurisdiction over Defendants, the undersigned respectfully recommends that Plaintiff's "Motion for Sanctions," Doc. 13, be denied.

## IV. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss," Doc. 7, be **GRANTED,** and this matter be **DISMISSED without prejudice** for lack of personal jurisdiction and Plaintiff's "Motion for Sanctions," Doc. 13, be **DENIED.**

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 17, 2021

_____
David S. Cayer
United States Magistrate Judge