# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00422-KDB-DSC

| | |
|---|---|
| RENFINITY INC., <br><br> **Plaintiff,** <br><br> v. <br><br> MATTHEW JONES, MSD ENTERPRISES LLC, and MIL-SPEC ENGINEERING LLC, <br><br> **Defendants.** | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss," (Doc. 7) filed Sept. 30, 2020.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendants' Motion to Dismiss," (Doc. 7) be granted in part and denied in part. Plaintiff's "Motion for Sanctions," (Doc. 13) is denied as moot.

## I. PROCEDURAL AND FACTUAL BACKGROUND

These facts are incorporated in relevant part from District Judge Kenneth D. Bell's previous Order (Doc. 31). Renfinity Inc. designs, manufactures, and integrates cyber-secure common access protocols, asset management, wireless communication products and specialized industry solutions for organizations. Doc. 1 at 3. Defendant MSD Enterprises LLC ("MSD") is a limited liability company organized under the laws of Texas with its principal place of business there. Doc. 1 at 5. Its sole member is Defendant Matthew Jones, who is the manager of the company

and a resident of Texas. Id. Defendant Mill-Spec Designs LLC, also a Texas company, was dissolved in 2020 and is no longer in existence. Id.

Renfinity alleges that in April 2014, it engaged Jones/MSD to assist in the development of software and hardware for its "Secure Grid" product, a network that allows users to track and protect assets, people, equipment and documents in real time. Doc. 1 at 6. But according to Renfinity, Defendants never intended to complete the sale. Doc. 1 at 1. Renfinity contends that rather than develop the products as agreed, Defendants fraudulently bilked them out of more than $500,000 by sending prototypes developed and owned by an unrelated company in 2017 and 2018. Id. Defendants also sent numerous communications falsely reporting progress and/or delays in the non-existent development of their products. Doc. 1 at 15–16. In its Complaint, Renfinity asserts claims against all Defendants for violations of Civil RICO, 18 U.S.C. § 1964(c), fraud, breach of contract, unfair trade practices under North Carolina law, N.C. Gen. Stat. § 75-1.1, unjust enrichment, and conversion.

Defendants moved to dismiss the Complaint on grounds that the Court lacks personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and venue is improper under Federal Rule of Civil Procedure 12(b)(3). Defendants further allege that Plaintiff failed to maintain a certificate of authority to conduct business in North Carolina and that the Complaint fails to state claims under Federal Rule of Civil Procedure 12(b)(6). Judge Bell issued an Order on Feb. 3, 2022 finding that this Court has personal jurisdiction over Defendants. The case was remanded to the undersigned for a recommendation on the remaining claims.

## II.   DISCUSSION

### A. Venue is proper in this district

Defendants argue that venue is improper because none of them are subject to personal jurisdiction in this district. This issue is moot since Judge Bell concluded this Court has personal jurisdiction. Doc. 31 at 1. Venue is proper when the action is brought in:

(1) A jurisdictional district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is proper here because a "substantial part of the events . . . giving rise to the claim occurred" here. Defendants sent prototypes and directed correspondence into this district. They also provided information for purposes of allowing Plaintiff to secure investors at meetings to be held in this state. Judge Bell concluded that Defendants purposefully availed themselves of the privilege of conducting business here through their deliberate conduct and communications directed into this district.

For those reasons, the undersigned respectfully recommends that the Motion to Dismiss for improper venue be <u>denied.</u>

### B. Certificate of Authority

Defendants argue Plaintiff's claims should be dismissed because it never obtained a Certificate of Authority to transact business in North Carolina. "A foreign corporation may not

transact business in this State until it obtains a certificate of authority from the Secretary of State. N.C. Gen. Stat. § 55-15-01. A corporation who fails to obtain a Certificate of Authority prior to conducting business may not "maintain any action or proceeding in any court of this State" unless the certificate is obtained "prior to trial." N.C. Gen. Stat. § 55-15-02. See also Automotive Dent Technology, Inc., v. Warren, 2017 WL 2684053 at *3 (M.D.N.C. June 21, 2017) (denying Defendant's motion to dismiss for failure to obtain a Certificate of Authority because Plaintiff obtained the certificate prior to "any trial of its claims."

Since Plaintiff has until trial to obtain a Certificate of Authority from the Secretary of State, the undersigned respectfully recommends that the Motion to Dismiss for failure to obtain Certificate of Authority be denied.

### C. Failure to State a Claim

#### a. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs. Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (alleging that government officials adopted a challenged policy "because of" its adverse effects on the protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." Id. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability. Id.; see E. Shore Mkts. Inc. v. J.D. Assocs., LLP, 213 F.3d 175, 180 (4th Cir. 2000) (explaining that while the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments").

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitled to relief. Iqbal, 556 U.S. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke, 490 U.S. at 328; see Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 F. App'x 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

b. **Unjust Enrichment**

Defendants argue the unjust enrichment claim is unavailable to Plaintiff because an express contract exists between the parties. An unjust enrichment claim is only available "in the absence of an express contract between the parties." McManus v. GMRI, Inc., No. 3:12-CV-009-DCK, 2012 WL 2577420, at *10 (W.D.N.C. July 3, 2012). Plaintiff contends the Motion is premature because if the Court finds there is no contract, Defendants will have "certainly been

unjustly enriched." Rule 8(d)(2) allows a party to set out "statements of a claim" alternatively in a single count or in separate ones. Fed. R. Civ. P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. Id. Plaintiff is entitled to plead alternative forms of relief but failed to explicitly plead unjust enrichment in the alternative. See Deltacom, Inc. v. Budget Telecom, Inc., 2011 WL 2036676 *5 (E.D.N.C. 2011) (dismissing claim for unjust enrichment because Defendant did not plead unjust enrichment in the alternative). See also Celgard, LLC v. LG Chem, Ltd., 2015 WL 2412467 (M.D.N.C.) (denying dismissal of unjust enrichment claim on basis of Plaintiff's incorporation of allegations of breach of contract "because the claim was clearly made in the alternative").

Because Plaintiff failed to specifically plead her unjust enrichment claim in the alternative, the undersigned respectfully recommends that it be dismissed.

c. **Conversion Claim**

Plaintiff claims to be the proper owner of funds transferred to Defendants by virtue of their fraudulent acts. It alleges they wrongfully converted those funds by obtaining and exercising unlawful dominion and control over them. Defendants argue this claim is barred by the economic loss rule. "A breach of contract does not give rise to a tort action by the promisee against the promisor." Kelly v. Georgia-Pac. LLC., 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009). The economic loss rule prohibits recovery for "purely economic loss in tort when a contract . . . operates to allocate risk." Id. Contractual duties arise between the parties but they "generally owe no special duty to one another beyond the terms of the contract." Id. Thus, "[t]o pursue a tort claim and a breach of contract claim concerning the same conduct, a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." Id.

Plaintiff incorporated all foregoing allegations, including breach of contract, into its claim for conversion. Doc. 1 at 30. The Complaint alleges no duty was owed to Plaintiff by Defendants separate and apart from any duty owed under a contract. Plaintiff alleges Defendants are liable for conversion because they obtained and exercised improper control over the funds transferred to them. Plaintiff's conversion claim arises from the same conduct as the breach of contract claim and alleges no separate duty.

For those reasons, the undersigned respectfully recommends this claim be dismissed.

### d. RICO claim

The Racketeer Influenced and Corrupt Organizations Act "creates civil liability for those who engage in a pattern of racketeering activity." GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2011). Under 18 U.S.C. § 1964(c), "RICO contains a private right of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" Chubirko v. Better Bus. Bureau of S. Piedmont, Inc., 763 F. Supp. 2d 759, 766 (W.D.N.C. 2011). The elements of a RICO claim under 18 U.S.C. § 1962(c) are (1) the conducting; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. See Whitney, Bradley, & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" is defined as at least two acts of racketeering, typically referred to as predicate acts. See 18 U.S.C. § 1961(5). To plead a conspiracy violation under § 1962(d), a plaintiff must allege that "each defendant agreed that another coconspirator would commit two or more acts of racketeering." Walters v. McMahen, 795 F. Supp. 2d 350, 355 (D. Md. 2011), aff'd in relevant part, 684 F.3d 435 (4th Cir. 2012). "[T]he person committing the racketeering

acts must be separate from the 'enterprise' that the person participates in or conducts" and the plaintiff must show "that the defendants conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." Carter v. Rogers, Townsend & Thomas, P.C., No. 1:12cv495, 2014 (U.S. Dist. LEXIS 25622, at *14–15 (M.D.N.C. Feb. 28, 2014).

As stated by the United States District Court for the Eastern District of North Carolina, "[a]bsent some factual enhancement, allegations such as 'defendants agreed, cooperated and conspired with one another to commit he fraudulent transfers,' or that [the defendants] 'joined in a scheme such that they also acquired and maintained an interest in the enterprise through a pattern of racketeering activity,' are insufficient to satisfy Twombly, not to mention Rule 9(b)'s particularity requirement." TM, LLC v. Anderson, No. 2:11-cv-71-FL, 2012 WL 4483180 (E.D.N.C. Sept. 27, 2012) (internal citations omitted)).

Here, the Complaint is devoid of any well pleaded factual allegations as to who Defendant Jones conspired with, when this alleged agreement occurred, where it occurred, how it occurred, or even the precise nature of the agreement. The Complaint contains the following allegations:

> 75. Defendant engaged in a scheme or artifice to defraud that involved "racketeering activity." Specifically, 18 U.S.C. § 1961 defines "racketeering activity" to include a whole list of activities, including activities that subject a person to indictment under 18 U.S.C. § 1343 (wire fraud).
>
> 76. Sending of emails in connection with a scheme or artifice to defraud constitutes indictable wire fraud under federal criminal law.
>
> 77. Defendant here sent numerous emails as part and parcel of his scheme and artifice to defraud Plaintiff, many of which are specified above, thus his activities satisfy the legal requirement that a civil RICO claim be based on a "pattern" of racketeering activities – which only requires two predicate acts.

Doc. 1 at 27.

Plaintiff argues the Complaint adequately pleads the existence of an enterprise, even though it does not specifically use the term "enterprise." Plaintiff alleges that an individual and two corporate entities are conducting activities that constitute racketeering. See Odom v. Microsoft Corp., 486 F.3d 541, 548 (9th Cir. 2007) (holding a single individual is an enterprise under RICO). But the Complaint only uses the singular term "Defendant," in pleading the RICO claim. Plaintiff treats MSD Enterprises LLC and Mil-Spec Engineering LLC as sole proprietorships owned and operated by Jones. Plaintiff has not alleged that a single individual and two corporate entities are conducting activities, but rather, one single defendant engaged in this allegedly fraudulent conduct. Plaintiff's conclusory allegations fail to support a RICO claim. Therefore, the claim should be dismissed. "[N]aked assertions devoid of further factual enhancement are not sufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678.

### D. Plaintiff's Motion for Sanctions

Plaintiff's "Motion for Sanctions" (Doc. 13) is denied as moot. Judge Bell found Defendants were subject to personal jurisdiction in this district and the undersigned denied Defendant's Motion to Dismiss for Improper Venue.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss," (Doc. 7) be **GRANTED IN PART** and **DENIED IN PART,** specifically: 1) Defendants' Motion to Dismiss for Improper Venue be **DENIED;** 2) Defendants' Motion to Dismiss the RICO, unjust enrichment and conversion claims be **GRANTED;** and 3) Plaintiff's Motion for Sanctions be **DENIED.**

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 29 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315–16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 1987, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845–46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO RECOMMENDED.**

Signed: March 10, 2022

_____
David S. Cayer
United States Magistrate Judge