# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00422-KDB-DSC

| | |
|---|---|
| RENFINITY, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> MATTHEW JONES, ET AL., <br><br>  Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 7), Plaintiff's Motion for Sanctions (Doc. No. 13), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered March 10, 2022, (Doc. No. 32) and Plaintiff's Objection to the M&R (Doc. No. 33). The Court has carefully considered these motions, the parties' briefs and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the M&R's recommendations should be accepted in part as described below.

## I.  LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert

1

the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines

only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts regarding the Parties and Plaintiff's allegations have been previously discussed by the Court at Doc. No. 31 and are incorporated in this Order by reference. In very brief summary, Plaintiff Renfinity alleges that it engaged Defendants to assist in the development of a product and that rather than develop the product Defendants fraudulently bilked Renfinity out of hundreds of thousands of dollars. Renfinity asserts claims against all Defendants for violations of Civil Rico, 18 U.S.C. § 1964(c); fraud; breach of contract; unfair trade practices under North Carolina law, N.C. Gen. Stat. § 75-1.1; unjust enrichment; and conversion.

Defendants have moved to dismiss the Complaint on the grounds that 1) the Court lacks personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), 2) venue is improper pursuant to Federal Rule of Civil Procedure 12(b)(3), 3) Plaintiff failed to maintain a certificate of authority to conduct business in North Carolina, and 4) the Complaint fails to state claims under Federal Rule of Civil Procedure 12(b)(6). Previously, the Court ruled that it could properly exercise personal jurisdiction over the Defendants and referred the matter back to the Magistrate Judge to consider the remaining grounds for dismissal. (Doc. No. 31). In the M&R now before the Court, Doc. No. 32, the Magistrate Judge recommends that the Court find that venue is proper in this district, deny the motion to dismiss for failure to obtain a Certificate of Authority and dismiss Plaintiff's claims for unjust enrichment, conversion, and RICO. With respect to the Motion for Sanctions, the M&R denies the motion as moot.

## II. DISCUSSION

Plaintiff lodges several objections to the M&R, challenging, in whole or in part, the M&R's recommendations with respect to the Certificate of Authority; the dismissal of the claims for unjust enrichment, conversion, and RICO; and the denial of the motion for sanctions. Each objection is discussed below.

### A. Certificate of Authority

The Court agrees with the M&R's recommendation that Defendants' Motion to Dismiss be denied with respect to Defendants' argument that Plaintiff's claims should be dismissed because it has not obtained a Certificate of Authority to transact business in North Carolina. While a corporation who fails to obtain a Certificate of Authority prior to conducting business may not "maintain any action or proceeding in any court of this State" without a certificate, the certificate need only be obtained "prior to trial." N.C. Gen. Stat. § 55-15-02. *See also Automotive Dent Technology, Inc., v. Warren*, 2017 WL 2684053 at *3 (M.D.N.C. June 21, 2017) (denying Defendant's motion to dismiss for failure to obtain a Certificate of Authority because Plaintiff obtained the certificate prior to "any trial of its claims"). Because Plaintiff has until trial to obtain a Certificate of Authority from the Secretary of State, the motion to dismiss on this ground will be denied. However, the Court declines to issue an advisory ruling as to the effect on Plaintiff's claims, if any, if Plaintiff ultimately does not obtain a Certificate of Authority in North Carolina prior to trial. That issue is not currently before the Court on Plaintiff's motion to dismiss.

### B. Unjust Enrichment

The M&R recommends that Plaintiff's claim for unjust enrichment be dismissed because "Plaintiff failed to specifically plead her unjust enrichment claim in the alternative." Doc. No. 32 at 7. There is no dispute that the existence of an express contract precludes recovery in *quantum*

4

Case 3:20-cv-00422-KDB-DSC   Document 35   Filed 04/13/22   Page 4 of 7

*meruit* and for unjust enrichment. *Paul L. Whitfield, P.A. v. Gilchrist,* 348 N.C. 39, 42 (1998) ("Only in the absence of an express agreement of the parties will courts impose a quasi-contract or a contract implied in law in order to prevent an unjust enrichment."); *Booe v. Shadrick* 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). However, the Federal Rules of Civil Procedure as well as the North Carolina Rules of Civil Procedure entitle parties to plead alternative and inconsistent claims. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

The M&R is correct that Plaintiff did not specifically plead its claim for unjust enrichment in the alternative and, indeed, Plaintiff's incorporation of its earlier allegations of the existence of an express contract is plainly inconsistent with such a claim. Nevertheless, the plain language of the rules does not require an explicit allegation that a claim is being pled in the alternative (although to be sure that makes for a clearer pleading). Further, Plaintiffs are not required to note the inconsistency of their claims as a prerequisite to asserting alternative claims. Accordingly, although Plaintiff will of course not be permitted to recover on its claim for unjust enrichment if a contract exists between the parties, at this early stage of the case, the Court will allow Plaintiff's alternative claim for unjust enrichment to proceed past Defendants' motion to dismiss.

    **C.**    **Conversion**

With respect to Plaintiff's claim for conversion, the M&R recommends that the Court dismiss that claim because it arises from the same conduct as Plaintiff's breach of contract claim

5

and Plaintiff has failed to allege a separate duty sufficient to support a tort action that is not barred by the "economic loss" rule. *See* Doc. No. 32 at 7-8; *Kelly v. Georgia-Pac. LLC*., 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009); *Window Gang Ventures, Corp. v. Salinas*, No. 18 CVS 107, 2019 WL 1471073, at *12 (N.C. Super. Apr. 2, 2019) (Business Court) (dismissing conversion claim "under the economic loss rule for failure to plead a duty independent of contract to support that claim"). The Court agrees with this recommendation and will dismiss Plaintiff's conversion claim for the reasons stated in the M&R.

### D. RICO

Similarly, the Court will accept the M&R's recommendation to dismiss Plaintiff's RICO claim. Plaintiff has failed to plead the nature or existence of an "enterprise," which is an essential element of a RICO claim. *See* Doc. No. 32 at 8; *Aetna Cas. & Sur. Ins. Co. v. Honey Bear Brand*, *Inc*., No. CIV. A-C-87-25, 1990 WL 257279, at *1 (W.D.N.C. Sept. 21, 1990) (citing *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989). Further, as noted in the M&R, "the Complaint is devoid of any well pleaded factual allegations as to who Defendant Jones conspired with, when this alleged agreement occurred, where it occurred, how it occurred, or even the precise nature of the agreement." Therefore, the Court will adopt the M&R and dismiss Plaintiff's RICO claim as recommended.

### E. Motion for Sanctions

Finally, the Court will not disturb the Magistrate Judge's decision to deny Plaintiff's Motion for Sanctions. Unlike the Court's de novo review of objections to a Magistrate Judge's recommendations for the disposition of dispositive motions, the Court may not overturn a magistrate judge's ruling on non-dispositive pre-trial matters, unless the ruling was "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). *See Robinson v.*

6

Case 3:20-cv-00422-KDB-DSC   Document 35   Filed 04/13/22   Page 6 of 7

*Oaks*, No. 1:21-CV-00123-MR-WCM, 2022 WL 392981, at *2 (W.D.N.C. Feb. 8, 2022). The Court finds that the Magistrate Judge's decision, in the exercise of the court's discretion, to decline to award sanctions does not meet this higher standard of review. However, the Court agrees with Plaintiff that Defendant Jones' affidavit which is the subject of the motion appears to be wholly inconsistent with irrefutable documentary evidence. Counsel and the Parties are advised that the Court takes very seriously their statutory and ethical obligations of candor to the Court and will not hesitate to promptly sanction any future breach of honesty.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss is **DENIED** except as to Plaintiff's claims for conversion and RICO, which are **DISMISSED**;

2. The M&R, Doc. No. 32, is affirmed and adopted to the extent stated above:

3. Plaintiff's Objection to the denial of the Motion for Sanctions is overruled; and

4. This case shall proceed towards a decision on the merits of Plaintiff's remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

*[Signature]*

Kenneth D. Bell
United States District Judge